IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KAMAL KARNA ROY a/k/a JUNGLE DEMOCRACY, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>et al., )<br>)<br>Defendants. ) | Civ. Action No. 06-685-SLR |

**MEMORANDUM ORDER**

At Wilmington this 11th day of April, 2007, having screened the case pursuant to 28 U.S.C. § 1915;

IT IS ORDERED that the complaint is dismissed without prejudice as malicious and frivolous pursuant to 28 U.S.C. § 1915, for the reasons that follow:

1. **Background.** Plaintiff Kamal Karna Roy ("Roy") a/k/a Jungle Democracy filed this civil rights action on November 7, 2006. (D.I. 1) He appears pro se and was given leave to proceed in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 11) Plaintiff filed this lawsuit against more than thirty defendants, including God, Chief Justice of the U.S. Supreme Court John G. Roberts, Jr., U.S. President George Bush, the prime minister of India, the United States, various United States agencies, federal officials and judges, numerous agencies and officials for the State of New York, insurance companies and financial institutions, Kentucky Fried Chicken, the New York Times, and private individuals. The complaint appears to be a "cut and paste" of other lawsuits filed by Roy and it contains numerous handwritten, scribbled notes in its margins.

2. Roy is no stranger to litigation and has filed numerous lawsuits throughout the United States and its territories under the names of Roy and Joseph Geronimo, Jr., as well as entities he is affiliated with (i.e., Jungle Democracy, Handicap Interests International, Reforms International), to-wit:  <u>Jungle Democracy v. United States of America</u>, Civ. Action No. 06-503-SLR (D. Del. closed Sept. 13, 2006); <u>Geronimo v. State of New York</u>, 1:06-cv-07-JLR (D. Guam closed Mar. 16, 2006); <u>Jungle Democracy v. No Named Defendants</u>, 1:06-cv-676-ZLW (D. Colo. closed June 13, 2006); <u>Jungle Democracy v. Bush</u>, 2:06-cv-505-RBS (E.D. Pa. closed Feb. 14, 2006); <u>Roy v. State of New York</u>, 1:06-cv-08-SS (W.D. Tx. closed Jan. 20, 2006); <u>Roy v. United States</u>, 1:03-cv-8354-MBM (S.D.N.Y. closed Feb. 23, 2005); <u>Handicap Interests Int'l v. United States Gov't</u>, 1:99-cv-3121-TPG (S.D.N.Y. closed Apr. 30 1999); <u>Reforms Int'l v. City of New York</u>, 1:95-cv-7248-RWS (S.D.N.Y. closed Oct. 7, 1995);  <u>Handicap Interests Int'l v. United States</u>, 1:95-cv-2152-SAS (S.D.N.Y. closed May 24, 1995); <u>Handicap Interests Int'l v. United States Dep't of the Army</u>, 1:95-cv-1642-SAS (S.D.N.Y. closed Mar. 23, 1995); <u>Reforms Int'l v. City of Los Angeles</u>, 1:94-cv-5204-DLC (S.D.N.Y. closed Nov. 30, 1994); <u>Reforms Int'l v. Renquist</u>, 1:94-cv-7198-HB (S.D.N.Y. closed Oct. 20, 1994); <u>Reforms Int'l v. Bush</u>, 1:94-cv-5964-PKL-BAL (S.D.N.Y. closed Aug. 26, 1994); <u>International Siva Consciousness & World Religions v. United States</u>, 1:92-cv-8188-JFK (S.D.N.Y. closed Aug. 20, 1993); <u>Geronimo v. City of New York</u>, 1:91-cv-1703-LBS (S.D.N.Y. closed July 10, 1991); <u>Roy v. State of New York</u>, 1:06-cv-00734-RWS (N.D. Ga. filed Mar. 13, 2006); <u>Jungle Democracy v. State of New York</u>, 7:06-cv-31-NAM-GJD (N.D.N.Y. filed Jan. 10, 2006); <u>Jungle Democracy v. State of New York</u>, 1:06-cv-207-WS-B (S.D. Ala. filed Apr. 5, 2006).

3. **Standard of Review**.  When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances.  Section 1915(e)(2)(B) provides that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

4. An action is frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995).  A complaint is malicious when it "duplicates allegations of another pending federal lawsuit by the same plaintiff." Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993); see also Banks v. Gillie, Civ. Act. No. 03-3098, 2004 U.S. Dist. LEXIS 5413, at *9 (E.D.La. Feb. 25, 2004) (duplicative and repetitive complaints are considered malicious for purposes of § 1915); McGill v. Juanita Kraft Postal Serv., No. 3:03-CV-1113-K, 2003 WL 21355439, at *2 (N.D. Tx. June 6, 2003) (complaint is malicious when it "'duplicates allegations of another pending federal lawsuit by the same plaintiff' or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation") (quoting Pittman v. Moore, 980 F.2d at 994-95).

5. Pro se complaints are liberally construed in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-521 (1972).  The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)).  Additionally, a pro se complaint can only

be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

    6. **Discussion**. The complaint is a rambling discourse and is virtually unintelligible. It makes vague references to discrimination, deprivation of unemployment benefits, corruption, the failure of democratic societies and God's role therein, actions taken by President George Bush during his presidency, irregularities in the New York judicial system and the workers' compensation industry, and civil rights violations for failure to provide an attorney in a civil case. The complaint also takes exception to Chief Justice Roberts being named to the U.S. Supreme Court. Finally, the complaint contains a plea for assistance to victims of hurricane Katrina.

    7. After reviewing the complaint, the court finds that it is both frivolous and malicious, as that term is defined in the context of § 1915. With regard to maliciousness, plaintiff has filed civil complaints in various jurisdiction. The court reviewed the complaints filed in Jungle Democracy v. United States of America, Civ. Action No. 06-503-SLR (D. Del. filed Aug. 14, 2006), Roy v. State of New York, 1:06-cv-00008-SS (W.D. Tx. closed Jan. 20, 2006), Roy v. State of New York, 7:06-cv-31-GJD (N.D.N.Y. filed Jan. 10, 2006), and Roy v. State of New York, 1:06-cv-00734-RWS (N.D. Ga. filed Mar. 13, 2006), and notes that the complaints contain many of the same allegations as in the present complaint, as well as many of the same defendants.

    8. Additionally, the complaint in the current case is clearly frivolous. Even construing the complaint liberally, the court is unable to discern under what theories

4

plaintiff attempts to proceed. He refers to religion, politics, "jungle democracy", and workers' compensation. The complaint does not adequately apprise the defendants of their alleged wrongdoing. Moreover, in the rare case when a sentence is intelligible, the allegations fail to state a cause of action. For example, plaintiff complains of actions taken by George Bush during his presidency, but those complaints do not rise to the level of a viable claim. Having said that, for the most part, the complaint is unintelligible. There are handwritten notations throughout the complaint and seemingly unrelated phrases are interspersed throughout the document. Indeed, the court is unable to recognize any cognizable claim.

9. **Conclusion**. The complaint is dismissed with prejudice as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). See Jungle Democracy v. Bush, No. 06-cv-505 (E.D.Pa. Feb. 14, 2006), aff'd, No. 06-1911 (3d. Cir. June 2, 2006)(complaint that is irrational and incomprehensible with no cognizable claim or intelligible sentence is dismissed with prejudice)

_____
UNITED STATES DISTRICT JUDGE